T.C. Memo. 2008-81


UNITED STATES TAX COURT


GARY L. AND KAREN L. BOGGS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1836-06.                    Filed April 2, 2008.


Gary L. and Karen L. Boggs, pro sese.

<u>Louis H. Hill</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of

$30,937.42 in, and an accuracy-related penalty of $5,040.55 under

section 6662(a)[1] on, petitioners' Federal income tax for their taxable year 2003.

We must decide whether to sustain the determinations in the notice of deficiency that respondent issued to petitioners for their taxable year 2003. We shall sustain those determinations.

Petitioners resided in Loveland, Ohio, at the time they filed the petition.

Petitioners jointly filed Form 1040, U.S. Individual Income Tax Return, for their taxable year 2003 (2003 return). In that return, petitioners showed on page 1, line 7, "Wages, salaries, tips, etc." of $253,979.16. Petitioners included with their 2003 return Form W-2, Wage and Tax Statement, issued to petitioner Gary L. Boggs (Mr. Boggs), which showed that during 2003 Mr. Boggs's employer Makino, Inc., paid Mr. Boggs "WAGES, TIPS, OTHER COMPENSATION" of $253,979.16. In petitioners' 2003 return, petitioners showed on page 1, line 21, "Other income. * * * IRC 104(A)(2); IRC 167(A)" of "($75,600)".

Petitioners included with their 2003 return a 53-page document (including an exhibit) that was entitled "**FORMAL TAX RETURN PROTEST WITH MEMORANDUM OF LAW**" (2003 return protest) and that was addressed to the Internal Revenue Service Center in

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Cincinnati, Ohio.  Petitioners signed their 2003 return and their 2003 return protest on August 10, 2004.

Petitioners' 2003 return protest contains statements, contentions, arguments, and demands that the Court finds to be frivolous and groundless.  For example, in the first three pages of their 2003 return protest, petitioners assert in part:

> **FOR THE RECORD**:  The undersigned is filing the attached Federal Individual Income tax return, for the year 2003, by special appearance, "under protest, without prejudice", as required by law by the Commissioner of Internal Revenue * * *

> \*      \*      \*      \*      \*      \*      \*

> As well, the attached Federal Individual Income tax return, for the year 2003, by special appearance, "under protest, without prejudice", is not a frivolous document, <u>for NOWHERE in the document</u> does the undersigned state that "wages and salary do not constitute taxable income".  The IRS will try to make this claim, and it is false and fraudulent, and strictly fabricated by the IRS.

> \*      \*      \*      \*      \*      \*      \*

> **FOR THE RECORD**:  Because the IRS has failed repeatedly in the duty to answer the undersigned's, request for proper filing information, pursuant to 26 USC § 6001, the tax status of the undersigned is unknown for lack of notice (due process).  The IRS does not honor a request for a "Determination Letter" pursuant to 26 CFR § 601.201(a)(3).  Therefore, the undersigned has submitted this tax return and filled in the lines on the face tax return with the so called help of the IRS instruction booklet by guessing at the law because the instruction book has no statutes or regulations listed.  It would strongly appear that the IRS is attempting to circumvent due process by not being up front with the law, as the IRS has placed the undersigned in an impossible position as to following the proper procedures, which is a violation of law * * *

\*       \*       \*       \*       \*       \*       \*

Therefore, because it is now well known that the IRS will not answer on point questions about an individuals tax status, the undersigned exercises his right to file this hereto attached IRS 1040 return under protest, without prejudice.  If what the undersigned has stated regarding the IRS's refusal to answer on point questions about an individuals tax status, then please inform the undersigned in writing of this change in policy.  The specific information needed by the undersigned is the "taxing statute" which applied to my occupation as a **private sales engineer**, same said as a **private independent contractor**, and the statutes and regulations which apply to the process of filing a return and supplying the proper information on the return.  If the undersigned cannot receive the proper information from the IRS, how can a tax return be filed under the penalties of perjury. \* \* \*

\*       \*       \*       \*       \*       \*       \*

**FOR THE RECORD**:  As stated before, the undersigned is a private independent contractor, in the field of manufacturing and machine tool sales, serving the private sector, and does not in any way or form, operate in the capacity of a trust, estate, partnership, syndicate, group, pool, joint venture, organization, corporation association, joint-stock company, and insurance company, nor any of the like which are **created or organized in the United States or under the law of the United States or of any State**.  Nor does the undersigned do any such work for any source under the control of the Federal or State governments.  Therefore, pursuant to the following 12 points of protest, and concerning the rate of tax as set forth in the 1040 instruction booklet, \* \* \* which relates to the rate as set forth in 26 USC § 1(d)), the undersigned holds the general legal position that he is not constitutionally to be found within the scope or purview of the statutes which impose a income tax under 26 U.S.C. (IRC) § 1(a), (b), (c), or (d), as those statutes impose an excise (income) tax upon individuals who have been given a government source privilege and economic position by statute, regulations, or executive order. \* \* \*

The undersigned does not apologize for the length of this document, the responsibility for the purposeful

complication of the tax code, and the many court cases which undermined it, were not the work of the undersigned, but of an elite group of past and present government employees and officers, hell bent on destroying the simplistic of the original code. It is not for the government employee, or officer to shrug the responsibility of reading this document because of its length. As government employees, or officers must accept the responsibility their positions impose upon them by law, just as the private citizens must accept their duties. [Reproduced literally.]

In the remaining 50 pages of their 2003 return protest, petitioners continue to advance frivolous and groundless statements, contentions, arguments, and demands, including the following:

The Corporation is allowed to deduct all production cost, be it what ever, yet the human machine under the IRS applied Income Tax Law is not allowed to deduct for all production cost, because the IRS does not allow a deduction for human maintenance nor deprecation for the human machine itself, which produces the machine tool sales services, that the undersigned supplies to the private sector. In retrospect, as an example, the Corporation in the printing business, is allowed to deduct for the printing press, its maintenance and repair cost, and the mental and physical labor required to operate the press to produce the printed material. The corporation is also allowed to deduct for the building and its maintenance that shelters the printing press and the labors who operate the press, 24 hours of the day and 365 days of the year. Yet, this human machine is not allowed to deduct for its needed shelter nor its maintenance cost.

    *       *       *       *       *       *       *

Under the IRS's general interpretation of the Internal Revenue Code (IRC) regarding a "trade or business", the undersigned's has been reduced to a human machine, that produces printed material by contract for private sector consumption. This human machine is compensated on a fee basis for its time engaged in the labors of a specific service to the private sector. Unlike an

artificial entity, such as a corporation, this human machine has only one life time, with a certain number of hours of life.  The hours of life expended by this human machine, in providing machine tool sales service cannot be recovered, as such, once an hour is spent in rendering service, it can never be retrieved, and there is nothing to make this human machine whole for the loss of life, except for the compensation as rendered by the private sector customers. * * *

      *         *         *         *         *         *         *

Yet, a human life is limited, and as such can be mea-sured only in years, months, weeks, days, or even hours.  The question becomes, what is a hour of human life worth, is it 100.00 is it 20.00, there can only one judge of what an hour of life is worth, and that is the value that the human being personally assigns to it.  So the human being is allowed as a matter of right to negotiate by contract the level of compensation for the loss of life, its called a private contract.  The compensation given to the private citizen or servant for loss of life, is excluded as income under the 16th Amendment. * * *  [Reproduced literally.]

Respondent issued a notice of deficiency to petitioners for their taxable year 2003 (2003 notice).  In that notice, respon-dent determined to disallow the $75,600 negative amount of "Other income" that petitioners reported on page 1, line 21, of their 2003 return ($75,600 negative amount).  In the notice, respondent also determined that petitioners are liable for the accuracy-related penalty under section 6662(a).[2]

Petitioners filed a 20-page petition commencing the instant case.  The petition contains statements, contentions, and argu-

---

[2]Respondent made certain other determinations in the notice that are computational in that their resolution depends upon whether the Court sustains respondent's determination to disallow the $75,600 negative amount.

ments that the Court finds to be frivolous and groundless.  For example, in the petition, petitioners assert in part:

> the Commissioner's Notice of Deficiency or income tax examination for the year 2003, at page 4, item 1(a) identified as "Other Income" in the amount of 75,600.00.  No such income (profit or gain) was received by this petitioner.  This amount as listed, only represents a return or restoration of capital.  The amount of life hours expended in human capital was 2,520, this does not include the hours in preparation for the task to be accomplished, yet only the hours of life lost in performing the task.

>    *        *        *        *        *        *        *

> * * * the Commissioner's Notice of Deficiency or income tax examination for the year 2003, at page 5, item 17(a) identified as (Accuracy-IRC 6662 - $5,040.55.  This petitioner objects, as this is a accuracy penalty, for filing a false tax return, this cannot be applied, because this petitioner filed the IRS expected tax return under protest, without prejudice.  The IRS Form 1040 has never been approved under law by the OMB.

>    *        *        *        *        *        *        *

> Labor is human capital, each type of human capital is subject to depreciation * * *

>    *        *        *        *        *        *        *

> Under the IRS's false interpretation of the Internal Revenue Code (IRC) this petitioner has been reduced to a human machine, that produces services by contract for private sector consumption.  This human machine is compensated on a fee basis for its time engaged in the labors of a specific service to the private sector.  Unlike an artificial  entity, such as a corporation, this human machine has only one lifetime, with a certain number of hours of life.  The hours of life expended by the human machine, in providing service cannot be recovered, as such, once an hour is spent in rendering service, it can never be retrieved, and there is nothing to make this human machine whole for the loss of life, except for the compensation as rendered by the private sector customers. * * *

\*      \*      \*      \*      \*      \*      \*

Yet, human life is limited, and as such can be measured only in years, months, weeks, days, or even hours.  The legal question becomes, what is a hour of human life worth, is it 100.00 or is it 20.00, there can only be one judge of what an hour of life is worth, and that is the value that the human being personally assigns to it.  **Each type of human capital is subject to depreciation**.  So the human being is allowed as a matter of right to negotiate by contract the level of compensation for their loss of life, its called a citizens private service contract.  The compensation given to the private citizen or servant for loss of life, is excluded as income under the 16th Amendment. \* \* \*

\*      \*      \*      \*      \*      \*      \*

\* \* \* the compensation given to the private servant or worker for loss of life, is "**a restoration of capital for taxation purposes**", and therefore because it is not a gain or profit, it is excluded as the type of income under the 16th Amendment.  The labor of a private citizen is property, and capital is property.  A return of original capital or investment is not a taxable event under Sixteenth Amendment \* \* \*

\*      \*      \*      \*      \*      \*      \*

\* \* \* The right to life is a personal and natural right of this petitioner, the loss of life is a personal injury, this natural and absolute right to life is lost when the government purportedly imposes a tax upon the compensation received for such said loss (hours, days, weeks) of life.  In other words, the government is imposing a tax upon "**my loss of life**", and the greater my loss of life, the greater the tax imposed.  This action in the course of due process, is wholly unconstitutional. \* \* \*  [Reproduced literally.]

In an Order dated September 18, 2007, the Court indicated that the petition contains statements, contentions, and arguments that the Court finds to be frivolous and groundless.  In that Order, the Court also reminded petitioners about section

6673(a)(1) and admonished them that if they continued to advance frivolous and/or groundless statements, contentions, and arguments, the Court would impose a penalty not in excess of $25,000 on them under that section.

On September 18, 2007, petitioners submitted to the Court (1) a pretrial memorandum for petitioners with a "**Memorandum of Law and Facts**" attached (collectively, petitioners' pretrial memorandum) that the Court had filed and (2) a document entitled "PETITIONERS' OBJECTIONS TO RESPONDENT'S STIPULATION OF FACTS" that the Court did not have filed. Petitioners' pretrial memorandum contains statements, contentions, and arguments that the Court finds to be frivolous and groundless. For example, in petitioners' pretrial memorandum, petitioners indicated that they expected to make the following three motions:

> 1. Motion by the petitioners to strike agency arguments of law, as presented by respondent upon the U.S. Tax Court record, for IRS's failure to exhaust administrative remedies.
>
> 2. Motion by the petitioners to strike the alleged Commissioner's Notice of Deficiency as legally invalid.
>
> 3. Motion by the petitioners to stand upon the law brief as attached to the purported 2003 tax return. [Reproduced literally.]

In petitioners' pretrial memorandum, petitioners listed the following as the issues that they intended to raise in this case:

> 1. Whether the respondent's IRS Form 4549A is a valid Notice of Deficiency, see memorandum of law and exhibits in the hereto following.

2.    Whether the IRS's Form 1040 has a legally valid OMB number, and does it give a valid Tennessen Warning (Notice) with or upon the face of the form, see memorandum of law and exhibits in the hereto following.

3.    Whether the IRS, under their primary jurisdiction was required to answer the legal issues as raised by the petitioner in the tax return protest document, see memorandum of law in the hereto following.

4.    Whether the IRS can impose a tax without setting forth the Congressional taxing statute, as has been done in the IRS Form 4549A, and the following statements as set forth by the respondent in the filed pretrial document.

> "1.    Whether petitioners are entitled to claim a deduction for depreciation of "human capital" for the taxable year 2003 in the amount of $75,600.
> 2.    Whether petitioners are liable for the accuracy related penalty under the provisions of I.R.C. 6662(a) for the taxable year 2003 in the amount of $5,040.55.
> 3.    Whether petitioners are entitled to claim a deduction for itemized deductions for the taxable year 2003 in the amount of $2,268.00.  (This is a computational adjustment.)
> 4.    Whether petitioners are entitled to claim exemptions for the taxable year 2003 in the amount of $6,588.00.  (This is a computational adjustment.)
> 5.    Whether petitioners are liable for alternative minimum tax for the taxable year 2003 in the amount of $5,866.13, (This is a computational adjustment.)"  [Reproduced literally.]

In petitioners' pretrial memorandum, petitioners indicated that they "do not intend to call any witnesses, but reserves [sic] the right to cross examine, the respondent."

In an Order dated September 20, 2007, the Court again reminded petitioners about section 6673(a)(1) and again admonished them that if they continued to advance frivolous and/or

groundless statements, contentions, and arguments, the Court would impose a penalty on them under that section.

When this case was called from the calendar for the Court's trial session in Cincinnati, Ohio, the Court reminded petitioners, once again, about section 6673(a)(1) and admonished them, once again, that if they continued to advance frivolous and/or groundless statements, contentions, and arguments, the Court would impose a penalty on them under that section.

This case was recalled for a pretrial conference on the record.  At that pretrial conference, the Court and the parties discussed petitioners' refusal to sign a stipulation of facts containing only three paragraphs that stipulated (1) the residence of petitioners at the time they filed the petition, (2) their 2003 return, and (3) the 2003 notice.  In support of their refusal to stipulate those matters, petitioners raised what the Court finds to be frivolous and groundless contentions and arguments.  For example, in refusing to stipulate their 2003 return, Mr. Boggs stated:  "the 1040 we believe is an incorrect document in some relevance."  The Court asked Mr. Boggs to explain why the document was "an incorrect document".  According to Mr. Boggs, the 2003 return is "missing several key requirements".  At that point during the pretrial conference, the Court again reminded petitioners about section 6673(a)(1) and again admonished them that if they continued to advance frivolous

and/or groundless statements, contentions, and arguments, the Court would impose a penalty on them under that section. Petitioners agreed to stipulate their residence at the time they filed the petition, their 2003 return, and the 2003 notice.

At the pretrial conference, the Court asked petitioners what issues they intended to raise at trial. Mr. Boggs responded that petitioners intended to argue at trial that the $75,600 negative amount is correct because it is a "restoration of capital, return to capital." The Court asked Mr. Boggs what was the "capital" to which he was referring. Mr. Boggs responded "Human capital." The Court told Mr. Boggs that petitioners' position was frivolous.

This case was recalled for trial. The Court made the stipulation of facts and the exhibits attached thereto (i.e., petitioners' 2003 return and the 2003 notice) part of the record in this case. Before the trial began, the Court focused petitioners on the 2003 notice and the disallowance by respondent of the $75,600 negative amount. The Court asked petitioners whether it was their position that that negative amount is correct, to which Mr. Boggs responded that that was their position. The Court asked petitioners to explain their position. The following exchange took place:

> MR. BOGGS: The deduction was based upon my understanding of the case law that provided that any part of a wage is a -- includes a return on human capital. And based on human capital not being taxable under the

Sixteenth Amendment, I adjusted -- that number is calculated at 48 weeks a year, five days a week, ten and a half hours a day, times $30 an hour. * * *

THE COURT:  A deduction for human capital.

MR. BOGGS:  A non-taxable restoration of human capital.

THE COURT:  Right.  So you're basically trying to depreciate human capital.

MR. BOGGS:  I don't think depreciation is the correct word.  I don't believe depreciation is the correct word.  It's a return of human capital.  Any part of my human machine, my human body, has a -- has a labor content, has a waste content, if you will.  Once I've used it up, I can't get it back.  That is my capital.

THE COURT:  And I told you earlier and I'll tell you again, that is a frivolous argument.  It is one I will reject and it is one as to which if you make it, I will impose sanctions.

*      *      *      *      *      *      *

* * * And there is no evidence to introduce with respect to that, that's just shear argument on your part.  [Reproduced literally from transcript.]

The Court explained to petitioners that the purpose of a trial is to introduce evidence into the record on which the Court may find facts.  The Court further advised petitioners that there would be no need for a trial if they intended to advance at trial only arguments about the law.  The Court informed petitioners that caselaw is not evidence, although one can rely on caselaw in order to support a legal argument.

After the Court explained the purpose of a trial and the difference between evidence and argument, Mr. Boggs stated:

Yes.  And I -- and if I may just add, I had requested -- I did not wish to come to Tax Court.  I had re- quested to settle this at the administrative level and we had submitted several documents to try to obtain the proper taxing statute and obtain the proper -- the proper, if you will, evidence so that I would not have to go -- come to Tax Court, and to get a proper legal opinion at the administrative [level] * * *  [Repro- duced literally from transcript.]

Mr. Boggs then reaffirmed petitioners' position regarding the $75,600 negative amount as follows:

The case law that I presented in the argument -- in the arguments all along, support the -- in my belief, in my understanding of the law, support that a deduction is valid. * * *  [Reproduced literally from transcript.]

Based upon the exchange between the Court and Mr. Boggs when this case was recalled for trial, the Court concluded that a trial was not necessary in this case, and the case was submitted on the basis of the stipulation of facts and exhibits that were part of the record.

Petitioners bear the burden of proving that respondent's determinations in the 2003 notice are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioners proffered no evidence and advanced no argument establishing that respondent's determinations in the 2003 notice are wrong.  Instead, despite the Court's repeated warnings to petitioners, they persisted in advancing statements, contentions, and arguments in support of their position in this case that the Court finds to be frivolous and groundless.  On the record before us, we shall sustain the determinations in the 2003 notice.

We turn now to section 6673(a)(1), a provision that the Court brought to petitioners' attention on numerous occasions. Section 6673(a)(1) authorizes the Court to impose a penalty in favor of the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer's position in a proceeding is frivolous and/or groundless or that the taxpayer institutes or maintains a proceeding in the Court primarily for delay.

Despite repeated admonitions to petitioners that the Court would impose a penalty on them under section 6673(a)(1) if they continued to advance frivolous and/or groundless statements, contentions, and arguments, they continued to do so throughout the course of the proceedings in this case.

On the record before us, we find that petitioners' position in this case is frivolous and groundless and that petitioners instituted and maintained this case primarily for delay. Accordingly, we shall impose a $10,000 penalty on petitioners under section 6673(a)(1).

We have considered all of petitioners' statements, contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

Decision will be entered for respondent.